IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KATELYN HANKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | File No. |
| EL MUELLE GROUP, CORP. and | ) | |
| BRIARWOOD UNIVERSITY HILLS, L.P., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, KATELYN HANKS, by and through the undersigned counsel, and files this, his Complaint against Defendants, EL MUELLE GROUP, CORP. and BRIARWOOD UNIVERSITY HILLS, L.P., pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.      This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' EL MUELLE GROUP, CORP. and BRIARWOOD UNIVERSITY HILLS, L.P., failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.      Plaintiff, KATELYN HANKS (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Dallas, Texas (Dallas County).

3.      Plaintiff is disabled as defined by the ADA.

4.      Plaintiff is required to traverse in a wheelchair and is substantially limited in

performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5.      Plaintiff uses a wheelchair for mobility purposes.

6.      Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.  Her motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7.      Defendant, EL MUELLE GROUP, CORP. (hereinafter "EL MUELLE GROUP, CORP."), is a Texas corporation that transacts business in the State of Texas and within this judicial district.

8.      Defendant, EL MUELLE GROUP, CORP., may be properly served with process via its registered agent for service, to wit:  Carlos Benitez, Registered Agent, 3601 Belt Line Road, Irving, TX  75062.

9.      Defendant, BRIARWOOD UNIVERSITY HILLS, L.P. (hereinafter "BRIARWOOD UNIVERSITY HILLS, L.P."), is a Texas limited partnership that transacts business in the State of Texas and within this judicial district.

10.     Defendant, BRIARWOOD UNIVERSITY HILLS, L.P., may be properly served with process via its registered agent for service, to wit: H. Walker Royall, Registered Agent, 2911 Turtle Creek Blvd., Suite 1240, Dallas, TX 75219.

2

## FACTUAL ALLEGATIONS

11.     On or about December 18, 2019 Plaintiff was a customer at "Tio Carlos," a business located at 2742 N. O'Connor Road, Irving, TX 75062, referenced herein as the "Tio Carlos."

12.     Tio Carlos is operated by Defendant, EL MUELLE GROUP, CORP.

13.     EL MUELLE GROUP, CORP is the lessee or sub-lessee of the real property and improvements that are the subject of this action and operates Tio Carlos.

14.     BRIARWOOD UNIVERSITY HILLS, L.P. is the owner or co-owner of the real property and improvements that Tio Carlos is situated upon and that is the subject of this action, referenced herein as the "Property."

15.     Plaintiff lives approximately 19 miles from Tio Carlos and the Property.

16.     Plaintiff's access to the business(es) located at 2742 N. O'Connor Road, Irving, TX 75062, Dallas County Property Appraiser's parcel number 322056200A0010000 (the "Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of her disabilities, and she will be denied and/or limited in the future unless and until Defendants, EL MUELLE GROUP, CORP. and BRIARWOOD UNIVERSITY HILLS, L.P., are compelled to remove the physical barriers to access and correct the ADA violations that exist at Tio Carlos and the Property, including those set forth in this Complaint.

17.     Plaintiff has visited Tio Carlos and the Property at least once before as a customer and advocate for the disabled.  Plaintiff intends on revisiting Tio Carlos and the Property within six months or sooner, after the barriers to access detailed in this Complaint are removed and Tio Carlos and the Property are accessible again.  The purpose of the revisit is to be a regular

customer, to determine if and when Tio Carlos and the Property are made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

18.     Plaintiff intends on revisiting Tio Carlos and the Property to purchase food and/or services as a regular customer living in the near vicinity as well as for Advocacy Purposes, but does not intend to re-expose herself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

19.     Plaintiff travelled to Tio Carlos and the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at Tio Carlos and the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at Tio Carlos and the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

20.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq.*

21.     Congress found, among other things, that:

(i)     some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)   discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

4

(iv)     individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)     the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

22.    Congress explicitly stated that the purpose of the ADA was to:

(i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

* * * * *

(iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

23.    The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

24.    The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

25.    Tio Carlos is a public accommodation and service establishment.

26.    The Property is a public accommodation and service establishment.

27.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

28.     Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

29.     Tio Carlos must be, but is not, in compliance with the ADA and ADAAG.

30.     The Property must be, but is not, in compliance with the ADA and ADAAG.

31.      Plaintiff has attempted to, and has to the extent possible, accessed Tio Carlos and the Property in her capacity as a customer of Tio Carlos and the Property and as an independent advocate for the disabled, but could not fully do so because of her disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at Tio Carlos and the Property that preclude and/or limit her access Tio Carlos and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

32.     Plaintiff intends to visit Tio Carlos and the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at Tio Carlos and the Property, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Tio Carlos and the Property that preclude and/or limit her access to Tio Carlos and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this

6

Complaint.

33.     Defendants, EL MUELLE GROUP, CORP. and BRIARWOOD UNIVERSITY HILLS, L.P., have discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Tio Carlos and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

34.     Defendants, EL MUELLE GROUP, CORP. and BRIARWOOD UNIVERSITY HILLS, L.P., will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, EL MUELLE GROUP, CORP. and BRIARWOOD UNIVERSITY HILLS, L.P., are compelled to remove all physical barriers that exist at the Tio Carlos and the Property, including those specifically set forth herein, and make Tio Carlos and the Property accessible to and usable by Plaintiff and other persons with disabilities.

35.     A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to Tio Carlos and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Tio Carlos and the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

(i)     Due to the presence a metal gated fence blocking the primary exterior accessible route, and also due to policies of placing large potted plants and seats in the exterior accessible route, the Property lacks a single accessible route connecting accessible facilities, accessible elements and/or accessible spaces of the Property in violation of

Section 206.2.2 and 206.2.4 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access public features of the Property.

(ii)     On the southern end of the Property, an accessible parking space has an access aisle that does not extend the full length of the accessible parking space and is in violation of Section 502.3.2 of the 2010 ADAAG standards.

(iii)    On the southern end of the Property, there are two accessible parking spaces that are missing proper identification signs in violation of Section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(iv)    On the southern end of the Property, there is one accessible parking space that does not have a properly marked access aisle in violation of Section 502.3.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the accessible entrances of the Property.

(v)     On the southern end of the Property, there are two accessible parking spaces have excessive vertical rises, are not level and therefore in violation of Sections 303.2 and 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(vi)    On the southern end of the Property, there are two accessible parking spaces that are not located on the shortest distance to an accessible route in violation of Section 208.3.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(vii)   Near CVS, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the

2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(viii)   Near CVS, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards.  This violation made it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(ix)   Near CVS, one of the accessible parking spaces have excessive vertical rises, are not level and therefore in violation of Sections 303.2 and 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(x)   Near CVS, one of the accessible parking spaces are not at the proper height in violation of Section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(xi)   Inside Tio Carlos, the bar is lacking any portion of the counter that has a maximum height of 34 (thirty-four) inches from the finished floor in violation of Section 902.3 of the 2010 ADAAG standards, all portions of the bar exceed 34 (thirty-four) inches in height from the finished floor. This violation made it difficult for Plaintiff to enjoy the unique eating experience at the bar.

(xii)   At Tio Carlos, the Property has an accessible ramp leading to the exterior seating area with a slope exceeding 1:10 in violation of Section 405.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access public features of the Property.

9

(xiii)   At Tio Carlos, the accessible ramp leading to the exterior seating area has a rise greater than 6 (six) inches but does not have handrails complying with section 505 of the 2010 ADAAG standards, this is a violation of Section 405.8 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access public features of the Property.

(xiv)   Due to the extreme and dangerous slope of the accessible ramp providing the only access route to the exterior dining area at Tio Carlos, Tio Carlos lacks an accessible route provided to all dining areas in violation of section 206.2.5 of the 2010 ADAAG standards.  This violation made it very difficult for Plaintiff to enjoy her food in the exterior dining area like able-bodied individuals might.

(xv)   At Tio Carlos, the door to the restroom area lacks a clear minimum maneuvering clearance, due to the proximity of the door hardware to the adjacent wall, in violation of Section 404.2.4 of the 2010 ADAAG standards.  This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(xvi)   On the eastern side of the property there is one parallel accessible parking space that does not have a properly marked access aisle in violation of Section 502.3.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the accessible entrances of the Property.

(xvii)   On the eastern side of the Property the Property has an accessible ramp leading from the accessible parking space to the accessible entrances with a slope exceeding 1:12 in violation of Section 405.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(xviii)  On the eastern side of the Property the Property has an accessible ramp that lacks finished edges or edge protection and/or is otherwise in violation of Section 405.9 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(xix)  Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

TIO CARLOS RESTROOMS

(i)  The restroom lacks signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to locate accessible restroom facilities.

(ii)  The door hardware of the bathroom entrance has operable parts which require tight grasping, pinching or twisting of the wrist in violation of Section 309.4 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(iii)  The height of coat hook located in accessible restroom stall is above 48 (forty-eight) inches from the finished floor in violation of Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(iv)  The actionable mechanism of the paper towel dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(v)     The mirror in the bathrooms exceeds the maximum height permitted by Section 603.3 of the 2010 ADAAG standards. This violation made it difficult for the Plaintiff and/or any disabled individual to properly utilize public features of the restroom.

(vi)    Restrooms have a sink with inadequate knee and toe clearance in violation of Section 306 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(vii)   The restrooms have grab bars adjacent to the commode which are not in compliance with Section 604.5 of the 2010 ADAAG standards as the rear bar is missing and the side bar is too short. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(viii)  The side grab bars/handrail is not positioned in accordance with Sections 609.4 and 604.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

36.     The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at Tio Carlos and the Property.

37.     Plaintiff requires an inspection of Tio Carlos and the Property in order to determine all of the discriminatory conditions present at Tio Carlos and the Property in violation of the ADA.

38.     The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

39.     All of the violations alleged herein are readily achievable to modify to bring Tio Carlos and the Property into compliance with the ADA.

40.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Tio Carlos and the Property are readily achievable because the nature and cost of the modifications are relatively low.

41.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Tio Carlos and the Property are readily achievable because Defendants, EL MUELLE GROUP, CORP. and BRIARWOOD UNIVERSITY HILLS, L.P., have the financial resources to make the necessary modifications.

42.     Upon information and good faith belief, Tio Carlos and the Property have been altered since 2010.

43.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

44.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendants, EL MUELLE GROUP, CORP. and BRIARWOOD UNIVERSITY HILLS, L.P., are required to remove the physical barriers, dangerous conditions and ADA violations that exist at Tio Carlos and the Property, including those alleged herein.

45.     Plaintiff's requested relief serves the public interest.

46.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, EL MUELLE GROUP, CORP. and BRIARWOOD UNIVERSITY HILLS, L.P.

13

47.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, EL MUELLE GROUP, CORP. and BRIARWOOD UNIVERSITY HILLS, L.P., pursuant to 42 U.S.C. §§ 12188 and 12205.

48.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, EL MUELLE GROUP, CORP. and BRIARWOOD UNIVERSITY HILLS, L.P., to modify Tio Carlos and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Defendant, EL MUELLE GROUP, CORP., in violation of the ADA and ADAAG;

(b)     That the Court find Defendant, BRIARWOOD UNIVERSITY HILLS, L.P., in violation of the ADA and ADAAG

(c)     That the Court issue a permanent injunction enjoining Defendants, EL MUELLE GROUP, CORP. and BRIARWOOD UNIVERSITY HILLS, L.P., from continuing their discriminatory practices;

(d)     That the Court issue an Order requiring Defendants, EL MUELLE GROUP, CORP. and BRIARWOOD UNIVERSITY HILLS, L.P., to (i) remove the physical barriers to access and (ii) alter Tio Carlos and the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

    (e)      That the Court award Plaintiff her reasonable attorneys' fees, litigation expenses and costs; and

    (f)      That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: January 6, 2020.              Respectfully submitted,

THE SCHAPIRO LAW GROUP, P.L.

/s/  Douglas S. Schapiro
Douglas S. Schapiro, Esq.
*Attorney-in-Charge for Plaintiff*
Northern District of Texas ID No. 54538FL
The Schapiro Law Group, P.L.
7301-A W. Palmetto Park Rd., Suite 100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com

Law Offices of
LIPPE & ASSOCIATES

Emil Lippe, Jr., Esq.
State Bar No. 12398300
Lippe & Associates
12222 Merit Drive, Suite 1200
Dallas, TX 75251
Tel: (214) 855-1850
Fax: (214) 720-6074
emil@texaslaw.com

ATTORNEYS FOR PLAINTIFF
KATELYN HANKS